BERZON, Circuit Judge,
dissenting in part:
I join in Part II of the majority disposition but dissent as to Part I. The majority’s conclusion that the cross-complaint only states an intentional tort and so did not give rise to the duty-to-defend is inconsistent with the language of the cross-complaint and with California duty-to-defend law.
Both the claim for trespass and the prayer for relief refer to property “damage” and seek monetary relief for the injury, including for “repairs.” Nothing in the complaint confines the claim to the injury caused by the intentional act of building on the Brakesmans’ property, as opposed to injury due to the negligent design or construction that caused an injury to the Brakesmans’ property separate from the encroachment itself. And the references to “damaged” property and to “repairs” suggests some such additional injury, as one does not usually refer to the encroaching structure as “property [that was] damaged” and in need of “substantial repairs.”
With that degree of ambiguity, the allegations “sufficed to raise the possibility that [the Bocks] would be liable for property damage covered by the policies.” Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 304, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (Cal.1993). The complaint does not “compel the conclusion” that it is based solely on the intentional encroachment, Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1084, 17 Cal.Rptr.2d 210, 846 P.2d 792 (Cal.1993), and, as noted, there is language consistent with the conclusion that it is not.
I would therefore reverse the judgment on the pleadings, and so respectfully dissent.